UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-cv-08497-FWS-E                                    Date: July 5, 2022
Title: Securities and Exchange Commission v. Eric J. "EJ" Dalius *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

Not Present                                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PARTIES' JOINT MOTION
TO MODIFY SCHEDULING ORDER [135]**

Before the court is the parties' Joint Motion to Modify Scheduling Order ("Joint
Motion") ("Mot."). (Dkt. 135.) The Joint Motion is accompanied by the Declarations of
Plaintiff's Counsel David Nasse ("Nasse Decl.") and Defendant's Counsel Jeffrey Robertson
("Robertson Decl."). (Dkts. 135-1 & 135-2.) On June 28, 2022, the court took this matter
under submission. (Dkt. 137.) Based on the state of the record, as applied to the applicable
law, the court **GRANTS IN PART** the Joint Motion.

I.      **Background**

The Securities and Exchange Commission ("SEC") initiated this action against Eric J.
Dalius ("Defendant") and various corporate entities in October 2018. (*See generally* Dkts. 1-3.)
The parties have requested and received nine prior extensions of various deadlines. (*See* Dkts.
34, 41, 62, 65, 68, 77, 101, 111, 128.) The parties also previously attended mediation in an
attempt to resolve this dispute. (*See* Dkt. 112-14.)

The parties have rescheduled numerous deadlines since this action commenced in 2018.
Per the parties' first 26(f) Joint Scheduling Report issued in June 2019, the parties originally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-cv-08497-FWS-E                                    Date: July 5, 2022
Title: Securities and Exchange Commission v. Eric J. "EJ" Dalius *et al.*

proposed filing all motions by August 31, 2020, and commencing trial in December 2020.
(Dkt. 60.)  The parties then received several extensions to the deadlines to respond to motions,
(Dkt. 34, 41, 65, 68,) file an amended complaint, (Dkt. 77,) and answer the amended complaint,
(Dkt. 83.)  When the parties filed an updated 26(f) Report, the parties proposed filing motions
by December 21, 2020.  (Dkt. 94.)  The court then issued a scheduling order setting a motion
deadline of January 25, 2021, and ordering the parties to complete private mediation by
December 4, 2020.  (Dkt. 95 at 1-2.)

Shortly thereafter, Defendant requested continuing all dates due to the COVID-19
pandemic and the specific risks it presented Defendant's counsel.  (*See* Dkt. 98 at 1-2, 5.)  At
that point, the court issued another scheduling order setting the motions deadline for May 16,
2022, with an anticipated trial date of September 13, 2022.  (Dkt. 117.)  This motions deadline
was later extended again at the parties' request to May 16, 2022.  (Dkt. 128.)

In the instant motion, the parties request a tenth extension to modify the current
Scheduling Order (Dkt. 133) by continuing the deadlines for motions for summary judgment
and trial filings, the final pretrial conference date, and trial date. (Dkt. 135-3.)

## II.    Legal Standard

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for
good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s "good cause"
standard "primarily considers the diligence of the party seeking the amendment." *Johnson v.
Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The parties must demonstrate
that the scheduling order's deadlines "cannot reasonably be met despite the diligence of the
party seeking the extension." *Id.*  Additionally, the parties' "diligence obligation is ongoing
such that parties must diligently attempt to adhere to the deadlines in the scheduling order
throughout the course of litigation." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632,
638 (D. Nev. 2021) (quoting *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460
(D. Ariz. 2021)) (internal quotation marks and alterations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-cv-08497-FWS-E                              Date: July 5, 2022
Title: Securities and Exchange Commission v. Eric J. "EJ" Dalius *et al.*

When reviewing a request to modify a scheduling order, the court may consider: (1) "whether relief from the scheduling order is sought based on the development of matters that could not be reasonably anticipated at the time the schedule was established;" and (2) "whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue." *Id.* at 638. "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

### III.   Analysis

The parties request modifying the court's Scheduling Order, [Dkt 133,] in order to undergo mediation and prepare motions for summary judgment.  (Mot. at 1.)  Alternatively, the parties request that the court set a case management conference to modify the current schedule. (*Id.*)

The parties argue that good cause supports the proposed modification because (1) the parties previously indicated an intent to engage in further settlement talks in the Joint Case Management Statement filed on May 12, 2022; and (2) the court's most recent Scheduling Order provided parties with only one week's notice of the motion for summary judgment deadline.  (*Id.* at 2.)  Additionally, the parties argue the current deadlines cannot be met despite their diligence because the parties were unable to schedule a mediation earlier than August 5, 2022.

The court finds that the parties have sufficiently demonstrated that good cause supports modifying the scheduling order to permit mediation.  As the parties noted, the parties previously indicated an intent to schedule an additional mediation before Magistrate Judge Eick and began seeking dates for the mediation in May 2022.  (Mot. at 2; *see also* Dkt. 131.)  The parties have since scheduled that mediation.  (Dkt. 134.)  The parties also demonstrated that mediation could not be scheduled before August 5th, 2022, due to conflicts between Magistrate Judge Eick's proposed dates and Defendant and Defendant's counsel's schedules.  (*See* Robertson Decl.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-cv-08497-FWS-E                                    Date: July 5, 2022
Title: Securities and Exchange Commission v. Eric J. "EJ" Dalius *et al.*

¶¶ 3-4.)  Accordingly, the court finds that the parties were diligent in attempting to schedule the mediation.

The parties argue that modifying the motions and remaining deadlines will enable the parties to focus on mediation.  (*Id.* at 3.)  However, the court does not find that the parties adequately demonstrated good cause to continue these deadlines by 3 to 4 months.  (*See* Dkt. 135-3.)  The parties have not sufficiently demonstrated that the scheduling order's deadlines, particularly the deadline for motions for summary judgment, could not "reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609.

First, the court notes the parties submitted this request the day the motions for summary judgment were due.  *See Irving v. Ctny. of Sacramento*, 231 Fed. Appx. 584, 585 (9th Cir. 2007) (upholding district court's denial of request to modify scheduling order for lack of diligence when request was submitted the same day as the deadline).  Second, the court observes that parties completed discovery over a month before the deadline for summary judgment in April 2022.  (Mot. at 2.)  However, the parties do not adequately demonstrate why motions for summary judgment could not be completed during this time other than noting that the parties focused on settlement talks after the court's reassignment order.  (*See* Nasse Decl., ¶ 9.) Additionally, the parties do not sufficiently explain why the parties cannot meet the remaining deadlines in the Scheduling Order.

Given that this action commenced in 2018 and that the parties have received numerous extensions, the court finds that continuing this action until January 10, 2023 (the date proposed by the parties) does not "fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action."  *Engrahm v. Ctny. of Colusa*, 2006 WL 8462423, at *2 (E.D. Cal. Jan. 6, 2006) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W.V. 1995)) (internal quotation marks and alterations omitted).  Accordingly, based on the record as applied to the applicable law, the court finds the parties have not sufficiently demonstrated good cause to justify modifying the court's current Scheduling Order as proposed.  Instead, the court finds the parties have provided good cause to support issuing the modified Scheduling Order set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-cv-08497-FWS-E                                    Date: July 5, 2022
Title: Securities and Exchange Commission v. Eric J. "EJ" Dalius *et al.*

## IV.  Disposition

For the reasons set forth above, the court **GRANTS IN PART** the Joint Motion.  The parties' motions for summary judgment must be submitted on or by **August 12, 2022.** Additionally, the parties shall submit a joint report notifying the court of the status of their settlement efforts within **7 days** of the settlement conference. The court sets the remaining deadlines as follows:

| | |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial<br>**Tuesday at 8:30 a.m.** | **First Day:**<br>**12/6/2022** |
| Estimated Trial Length (Subject to Change) | <u>**10-14**</u> days |
| Final Pretrial Conference<br>**Thursday at 8:30 a.m.** | **11/17/2022**<br>**(via Zoom)** |
| Last Date to **<u>Hear</u>** Motions [Thursday]<br>• Motion for Summary Judgment due at least 6 weeks before hearing<br>• All other motions due at least 4 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | **9/23/2022** |
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement | **11/14/2022** |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions<br>• Disputed Proposed Jury Instructions | **11/21/2022** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-cv-08497-FWS-E                                    Date: July 5, 2022

Title: Securities and Exchange Commission v. Eric J. "EJ" Dalius *et al.*

| | |
|---|---|
| • Joint Proposed Verdict Form<br>• Joint Proposed Statement of the Case<br>• Proposed Additional Voir Dire Questions, if any | |

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku